UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAMIREZ, MYNOR VILLATORO ALDANA, AND JANET HOBSON, on behalf of themselves and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 4:22-cv-00859-YGR<br><br>ORDER DENYING MOTION FOR INTERLOCUTORY REVIEW AND STAY<br><br>Dkt. No.: 59 |

Defendant Bank of America, N.A. ("BANA") moves this Court for an order certifying for interlocutory review this Court's October 7, 2022 order denying BANA's motion to dismiss plaintiffs' amended complaint, and for a stay of this litigation pending such review. Defendant avers that a recent decision in the Eastern District of California case *Fitzpatrick v. Capital One Bank (USA), N.A.*, No. 2:22-cv-00312-MCE-DB, ECF No. 41 (E.D. Cal.) addressed similar factual allegations and claims as those alleged here and reached conclusions contrary to those reached by this Court, creating a conflict of law requiring interlocutory review. Specifically, BANA seeks to certify: "whether its denial of a consumer's request to waive a contractually authorized fee is sufficient to state a claim in light of its representations about making pandemic assistance available."

Under section 1292(b), a federal district court may certify a non-dispositive order for interlocutory review where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Satisfaction of all three elements is required. *C.W. v. Epic Games, Inc.*, 2020 WL 6064422, at *1-

\*2 (N.D. Cal. Oct. 14, 2020). The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted. *Id.*

Important here, garden-variety issues of correct application of the law to the facts do not meet the first two prongs. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.") As this Court has observed, interlocutory appeal is "reserved for situations in which the appellate court can rule on a purely legal question without having to delve into or resolve issues involving the factual record." *C.W.*, 2020 WL 6064422, at \*1; *see also City of San Jose v. Monsanto Co.*, No. 5:15-CV-03178-EJD, 2017 WL 6039670, at \*1 (N.D. Cal. Dec. 6, 2017) ("If the Cities disagree with the Court's application of the law to the facts, the proper vehicle is a motion for reconsideration, not an interlocutory appeal.")

Even if the Court presumes timeliness and adopts defendant's representation of the distinctions between the two decisions,[1] the motion must be denied. In defendant's own words, the decisions, at most, "examined virtually identical representations under the same controlling legal framework but reached opposite conclusions." (Dkt. No. 59 at i.) That is nothing more than a difference in application of law to the facts. Accordingly, the motion is **DENIED**.

This terminates docket number 59.

**IT IS SO ORDERED.**

Dated: March 27, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court does not agree with defendant that the representations and theories of liability in the two actions are nearly identical.