UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ANTHONY RAMIREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 22-cv-00859-YGR (RMI)<br><br>**ORDER RE: SECOND DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 86 |

Now pending before the court is a jointly-filed discovery dispute letter brief through which Defendant seeks a protective order such as to avoid its employees being subjected to multiple serial depositions, rather than each person only being deposed once. *See* Ltr. Br. (dkt. 86) at 3-7. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument. As stated herein, Defendant's request is granted.

This putative class-action case alleges that Defendant Bank of America ("the Bank") promised certain pandemic-era relief programs from overdraft fees and insufficient-funds fees which it never fully implemented, and terminated the limited changes it did implement without notice in August of 2020. *See* Second Amend. Compl. (dkt. 72) at 2. Plaintiffs wish to imminently depose at least two out of four current bank employees (Lance Berg, Jennifer Haag, Maggie Helms, and Chris Wong) which are Rule 30(b)(6) witnesses, and one former bank employee (Kathy Quaranta). *Id*. at 1-2. The Bank argues that because the current employees are also its Rule 30(b)(6) witnesses, Plaintiffs' insistence on deposing them before Plaintiffs have propounded their Rule 30(b)(6) notice on the Bank would result in these witnesses unnecessarily being deposed twice. *Id*. at 3-5. The Bank has suggested that Plaintiffs take the deposition of its former employee

1  (Kathy Quaranta) this month, while holding the other depositions in abeyance until such time as
2  Plaintiffs "would feel they were in a position to share 30(b)(6) topics and coordinate the
3  depositions of other witnesses at that point." *Id*. at 4 n. 1.

4  Plaintiffs state that they will not be ready to formulate their 30(b)(6) topics until engaging
5  in further written discovery, but insist that they should be able to depose some combination of the
6  Bank's four 30(b)(6) witnesses now – and perhaps again later – given that Plaintiffs "could not
7  provide final 30(b)(6) topics at this time because critical evidence—including class-wide data—
8  still has not been produced by the Bank and because Plaintiffs believe that the individual fact
9  witness testimony will ultimately inform their 30(b)(6) topics." *Id*. However, Plaintiffs have not
10 described *how* or *why* testimony from these four current Bank employees would help shape their
11 30(b)(6) topics, nor have Plaintiffs explained why the same underlying information (i.e., that
12 which they need to help shape their 30(b)(6) topics) cannot be garnered through written discovery.
13 *See id*. at 5-7. In fact, Plaintiffs have not even addressed the Bank's argument that deposing any or
14 all of its four Rule 30(b)(6) witnesses (the current employees) now would be unreasonably
15 burdensome and cumulative because those same witnesses would be deposed again after the
16 propounding of Plaintiffs' 30(b)(6) notice and would likely be questioned on substantially
17 overlapping topics – rendering their second deposition largely cumulative. *See id*. at 4-5.

18 In essence, citing twice to *Gopher Media, LLC v. Melone*, 2022 U.S. Dist. LEXIS 196156,
19 *5 (S.D. Cal., Oct. 27, 2022), Plaintiffs quote a fragment of a sentence from that case to assert that
20 it is unfair "to restrict Plaintiffs to noticing their lone set of Rule 30(b)(6) topics based on an
21 incomplete record and denying Plaintiffs their right to be 'the masters of their own discovery
22 plans.'" *See* Ltr. Br. (dkt. 86) at 5, 7. First, the court will reiterate that Plaintiffs have by no means
23 established that their only path to formulating their Rule 30(b)(6) topics is to depose the Bank's
24 current employees once now, and then again later once their have formulated their topics. Thus,
25 Plaintiffs' suggestion about having to formulate their 30(b)(6) topics on an "incomplete record"
26 are conclusory and unsupported by any assertions on which the court could rely in understanding
27 that multiple serial depositions of the 30(b)(6) witnesses is the only path forward. As stated, it
28 appears that Plaintiffs could develop that record through written discovery, formulate their

30(b)(6) topics, and then subject the Bank's employees to only one deposition rather than two. Second, Plaintiffs' quotation from *Gopher Media* is misleading in that it is a decision by a magistrate judge in the Southern District of California rejecting a request to extend a fact discovery cut-off date, and the full sentence that contained the fragment quoted by Plaintiffs states: "At all times, Plaintiffs are the masters of their own discovery plans and had five months to make their requests for documents, information, and deposition testimony." *Gopher Media*, 2022 U.S. Dist. LEXIS 196156, *5. Thus, contrary to Plaintiffs' suggestion, *Gopher Media* cannot be claimed to stand for the proposition that a plaintiff has a right to subject the opposing party's witnesses to unreasonably burdensome and cumulative discovery by deposing its 30(b)(6) witnesses once to formulate 30(b)(6) topics, and then again later to explore those topics, because of the notion that plaintiffs have a "right to be 'the masters of their own discovery plans.'" *See* Ltr. Br. (dkt. 5) at 8 (quoting *Gopher Media*, 2022 U.S. Dist. LEXIS 196156, *5). To the extent that Plaintiffs have stated that they have a "right to develop the evidence they need before noticing 30(b)(6) topics and moving for class certification" (*see id*. at 7), the court finds that Plaintiffs have not explained why deposing these witnesses twice is the only path to that end. In other words, Plaintiffs have failed to explain *why* they cannot formulate their 30(b)(6) topics through written discovery, in conjunction with other means such as accepting the Bank's offer to depose the above-mentioned former employee. *See id*. at 5-7. Without such an explanation, there is no basis to saddle the Bank with the burden of subjecting its employees to being deposed twice rather than once. Plaintiffs have issued two deposition notices "in order to ensure that this dispute was ripe for resolution." *Id*. at 7 (Chris Wong's deposition has been noticed for July 16, and Maggie Helms's deposition has been noticed for July 18). Thus, for the reasons stated herein, as well as the reasons articulated by the Bank (*see id*. at 3-5), the Bank's request for a protective order to prevent undue burden and inefficiency with respect to those noticed depositions is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 13, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge